1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADRIAN JOHNSON, | Case No. 2:18-cv-00647-GMN-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| SGT. D. HOLMS, *et al.*, | |
| Defendant[s]. | |

This matter is before the Court on Plaintiff's Motion to Serve Defendants (ECF No. 18), filed on June 14, 2019. Also before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 19), filed on June 14, 2019. LVMPD Defendants filed their Opposition (ECF No. 23) on July 1, 2019.

**I.    Motion to Serve Defendants**

On May 15, 2019, the Court ordered that Plaintiff's amended complaint (ECF No. 9) was the operative complaint, instructed the Clerk of the Court to issue summonses for Defendants Sgt. D. Holms, Cullina, Binko, Heise, Garza, and Lt. Murphy, and to deliver the same to the U.S. Marshal for service. *See* ECF No. 10. Summonses for Lt. Murphy and Garza, however, were returned unexecuted. Plaintiff represents that Lt. Murphy is retired and no longer an officer with Clark County Detention Center. He further states that he only saw Garza on two occasions and may have incorrectly identified his name. Plaintiff requests that the Court order another attempt of service on Lt. Murphy and Garza.

Defendants Sgt. Holm, Sgt. Binko, Heise, and Cullina filed their Answer on June 18, 2019 and are represented by counsel. Counsel for the LVMPD Defendants shall have twenty-one (21) days from the date of this order to inform the Court whether it will accept service on behalf of Lt. Murphy and Garza. If counsel is unable to accept service on behalf of the identified defendants,

they shall inform the Court if Plaintiff has provided enough information to identify the defendants and if their last known addresses are available.

**II.     Motion to Appoint Counsel**

Plaintiff requests appointment of counsel.  There is no constitutional right to the appointment of counsel in civil cases.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In determining whether counsel should be appointed, the court has discretion to consider three relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.*

Plaintiff argues that he should be appointed counsel because he is incarcerated and has limited access to the law library and because he lacks the skills and education to litigate this matter. Defendants argue that Plaintiff failed to sufficiently set forth the likelihood of success on the merits of his claims and that he lacks the ability to articulate his claims pro se in light of the complexity of the legal issues involved.  The Court agrees that Plaintiff has not presented sufficient evidence to persuade this Court to appoint counsel to represent him.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Serve Defendants (ECF No. 18) is **granted**, in part, and **denied**, in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 19) is **denied**.

Dated this 5th day of July, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

2