UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>Plaintiff,<br>v.<br>SGT. D. HOLMS, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00647-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 24), filed on July 3, 2019. Defendants filed their Opposition (ECF No. 28) on July 17, 2019. Also before the Court is Plaintiff's Motion for an Extension of Time (ECF No. 25), filed on July 3, 2019. Defendants filed their Opposition (ECF No. 29) on July 18, 2019.

**I.      Motion to Appoint Counsel**

Plaintiff requests appointment of counsel. There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In determining whether counsel should be appointed, the court has discretion to consider three relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.*

Plaintiff argues that he should be appointed counsel because he is incarcerated and has limited access to the law library and because he lacks the skills and education to litigate this matter. Defendants argue that Plaintiff failed to sufficiently set forth the likelihood of success on the merits of his claims and that he lacks the ability to articulate his claims pro se in light of the complexity

of the legal issues involved. The Court agrees that Plaintiff has not presented sufficient evidence to persuade this Court to appoint counsel to represent him.

## II. Motion for Extension of Time

On May 15, 2019, the Court ordered that Plaintiff's amended complaint (ECF No. 9) is the operative complaint in this matter. On June 18, 2019, Defendants Sgt. Daniel Holm, Sgt. Mark Binko, Ryan Heise, and Charles Cullina filed their Answer. ECF No. 20. Plaintiff requests an additional sixty (60) to ninety (90) days to "complete the task of mitigating to properly return a reply on the matters of law upon the answers of the Defendants of the LVMPD." *See Plaintiff's Motion for Extension* (ECF No. 25), 1. Plaintiff's request for an extension is unclear. Defendants represent that they have not served discovery on Plaintiff. The Federal Rules of Civil Procedure do not require Plaintiff to file a response to Defendant's answer. To the extent that Plaintiff is requesting an extension of time to file a reply to his motion for appointment of counsel, such request is moot. A motion seeking an extension of time must state with sufficient specificity the subject motion as well as the date of the subject motion and provide enough information to allow the Court to discern the relief that is being requested. Local Rule IA 6-1. The Court, therefore, denies Plaintiff's motion for extension without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 24) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time (ECF No. 25) is **denied**, without prejudice.

Dated this 26th day of July, 2019.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE