UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADRIAN JOHNSON, | Case No. 2:18-cv-00647-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| SGT D. HOLMS, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Adrian Johnson's First Request for Production of Documents (ECF No. 38); Request to Add Parties and Serve Notice of Summons upon Unexecuted Summonses (ECF No. 39); Motion to Amend to Serve Notice of Summons upon Unexecuted Summonses (ECF No. 41); and, Order to Show Cause for a Preliminary Injunction (ECF No. 47). Defendants did not file oppositions to any of Plaintiff's Motions.[1] The Court finds as follows.

## I. BACKGROUND

Plaintiff, an inmate housed at the Clark County Detention Center ("CCDC"), alleges that he suffered a beating, loss of property during a cell extraction, transfers to administrative segregation and the mental health ward, and threats in retaliation for filing grievances against Defendants who are all CCDC correctional officers. On May 15, 2019, Judge Navarro screened Plaintiff's operative Amended Complaint and allowed the following claims to proceed: (i) Plaintiff's First Amendment retaliation claim, (ii) Fourteenth Amendment excessive force, due process property, and denial of access to the grievance procedure claims, and (iii) supervisory liability claim asserted against variously situated Defendants. ECF No. 10 at 8:10–19. Pertinent to this discussion, the May 15, 2019 Order instructed the Clerk of Court to issue summonses for Defendants Garza and Lt. Murphy, among others. *Id*. at 8:23.

---

[1] The Court has corrected typographical errors in the titles of Plaintiff's Motions.

1

On May 29, 2019, Plaintiff's summonses for Defendants Murphy and Garza were returned unexecuted. ECF No. 14. On June 14, 2019, Plaintiff filed a Motion to Serve Defendants, requesting the Court order another attempt of service on Murphy and Garza. ECF No. 18. On July 8, 2019, Judge Foley granted in part and denied in part Plaintiff's Motion to Serve Defendants, ordering "[c]ounsel for the LVMPD Defendants . . . to inform the Court whether [they] will accept service on behalf of Lt. Murphy and Garza." ECF No. 26 at 1:26–28. In the event defense counsel were unable to accept service on behalf of Murphy and/or Garza, they were ordered to "inform the Court if Plaintiff has provided enough information to identify the defendants and if their last known addresses are available." *Id*. at 2:1–2.

On July 30, 2019, defense counsel responded that they had reviewed Plaintiff's inmate records and believed that:

> Plaintiff did not correctly identify "Garza." The three corrections officers identified in [the] Incident Report are Officers Binko P8227, Heise P14527 and Corona P14956. As such, [and Binko and Heise already having been served,] counsel believes the corrections officer Plaintiff is referring to may be Officer Corona. Counsel also reviewed the staff logs for this date and determined there is no "Garza" identified on those logs. Counsel is not authorized to accept service on behalf of Officer Corona in the event he is named as a defendant. Service may be effectuated upon Las Vegas Metropolitan Police Department . . . .
> With respect to Lt. Murphy; Lt. Murphy is now retired from LVMPD. However, counsel has contacted Lt. Murphy and has been authorized to accept service on behalf of Retired Lt. Murphy **only**.

ECF No. 31 at 2:1–10.

On December 10, 2019, Plaintiff filed a Request to Add Parties and Serve Notice of Summons upon Unexecuted Summonses, seeking service on both Defendants Murphy and Garza. ECF No. 36. On January 2, 2020, the Court issued an Order granting Plaintiff's request, noting that "defense counsel is authorized to accept service [on behalf of Murphy]. . . . Plaintiff also seeks service on 'Garza'; however, defense counsel states that there is no individual by this name correctly identified in this action. . . . Instead, defense counsel believes Plaintiff is referring to Officer Corona." ECF No. 37 at 1:13–15 (internal citations omitted). The Court therefore ordered that a copy of Plaintiff's Amended Complaint be served on Defendant Murphy, and gave Murphy 21 days from the issuance of the Order to file his responsive pleading to Plaintiff's Amended Complaint. *Id*. at 1:20–23. The Court also gave Plaintiff 21 days from the date of the Order to "seek an amendment

to his Amended Complaint for the sole purpose of adding Defendant Officer Corona[, stating that n]o other amendment to the operative Amended Complaint . . . shall be considered by the Court." *Id*. at 1:25–27. The instant Motions followed.

## II. <u>DISCUSSION</u>

### A. Plaintiff should serve his Request for Production of Documents on Defendants.

Plaintiff's Request for Production of Documents is governed by Rule 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Fed. R. Civ. P. 34(a) states that "[a] party may serve on *any other party* a request [for production of documents]" (emphasis added), and Fed. R. Civ. P. 34(b)(2) provides that "the party to whom the request is directed must respond in writing within 30 days after being served." Plaintiff should, therefore, serve such requests upon Defendants, which he can do by mailing a copy to the lawyer for Defendants. Plaintiff should not file his discovery requests with the Court. Accordingly, the Court denies Plaintiff's Motions for Production of Documents. ECF No. 38.

### B. Defense counsel is required to identify "O. Cardiena" and advise the Court whether they will accept service on behalf of this individual.

In his Motion to Add Parties and serve Notice of Summons, Plaintiff seeks to have his Amended Complaint served on Officer "O. Cardiena" in lieu of Officer Corona. ECF No. 39. Plaintiff explains that he now remembers that this defendant was named "O. Cardiena," and "most definitely not . . . Lt. Corona as the attorney for the defendants noted." *Id*. at 1:23–26. Plaintiff repeats these allegations in his Motion to Amend to Serve Notice of Summons upon Unexecuted Summonses. ECF No. 41 at 3:5–7.

There having been no opposition, the Court grants Plaintiff's Motion to Add Parties and serve Notice of Summons (ECF No. 39) and Plaintiff's Motion to Amend to Serve Notice of Summons upon Unexecuted Summonses (ECF No. 41) to the extent the motions require defense counsel to identify "O. Cardiena" and to inform the Court whether they will accept service on behalf of this individual. If defense counsel is unable to accept service on behalf of "O. Cardiena," defense counsel must inform the Court if Plaintiff has provided enough information to identify this defendant and if his or her last known address is available. The Court denies Plaintiff's Motions to the extent

3

they ask the Court to serve his Amended Complaint on "O. Cardiena" before he or she has been properly identified, and before defense counsel have stated whether they will accept service on this person's behalf.

      **C.**      **Plaintiff's request for injunctive relief must be denied because it is overly broad.**

A preliminary injunction is an "extraordinary and drastic remedy . . . never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). Under the Supreme Court's four-prong test in *Winter v. Natural Resources Defense Council, Inc.*, "[a] plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. 7, 20 (2008) (internal citations omitted). Generally, the *Winter* test requires "plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Importantly, "[i]njunctive relief must be tailored to remedy the specific harm alleged, and an overbroad preliminary injunction is an abuse of discretion." *Winter*, 508 F.3d at 886. That is, "injunctive relief should be no more burdensome to the defendant[s] than necessary to provide complete relief to the plaintiff[]." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

Here, Plaintiff asks the Court to issue a preliminary injunction preventing Defendants from placing Plaintiff in "irreparable harm" and inflicting "cruel and unusual punishment" against him. ECF No. 47 at 1–2. This request lacks the specificity required for issuance of injunctive relief under *Winter*. Plaintiff cites, *inter alia*, the confiscation of his legal documents during a cell extraction, moves back and forth between administrative segregation, deprival of hygienic functions, and continued denials of grievances as justifications for the issuance of injunctive relief against Defendants. *Id*. at 2–7. Notwithstanding, Plaintiff's request for injunctive relief remains too broad.

The Court therefore denies Plaintiff's Order to Show Cause for a Preliminary Injunction. ECF No. 47.

### III.   <u>CONCLUSION</u>

IT IS HEREBY ORDERED that Plaintiff's First Request for Production of Documents (ECF No. 38) is DENIED.

4

IT IS FURTHER ORDERED that Plaintiff's Motion to Add Parties and Serve Notice of Summons upon Unexecuted Summonses (ECF No. 39) and Motion to Amend to Serve Notice of Summons upon Unexecuted Summonses (ECF No. 41) are GRANTED in part, and DENIED in part.

    a. IT IS FURTHER ORDERED that defense counsel will identify "O. Cardiena" and inform the Court whether they will accept service on behalf of this individual within **15 days of the date of this Order**.

    b. IT IS FURTHER ORDERED that if defense counsel does not accept service on behalf of "O. Cardiena," defense counsel must inform the Court whether Plaintiff has provided enough information to identify this defendant and if his or her last known address is available.

    c. IT IS FURTHER ORDERED that no other amendments to Plaintiff's Amended Complaint shall be permitted after this defendant has been properly identified and served.

IT IS FURTHER ORDERED that Plaintiff's Order to Show Cause for a Preliminary Injunction (ECF No. 47) is DENIED.

DATED this 3rd day of March, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE