UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON, | Case No. 2:18-cv-00647-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| SGT D. HOLMS, *et al*., | |
| Defendants. | |

Before the Court is Plaintiff Adrian Johnson's Motion Requesting the Court … Provide/Appoint a Video/Surveillance Expert & Private Investigator; In the Alternative Extend Disclosure of Expert Witness (ECF No. 74). The Court has considered Plaintiff's Motion and Defendants' Opposition (ECF No. 75). No reply was timely filed.

Plaintiff states he is in need of an expert because Defendants state they continue to search documents relevant to his claims, including video surveillance of events Plaintiff alleges took place that underly his causes of action. ECF No. 74 at 1-2. Defendants argue, referring to ECF No. 62, that Plaintiff "is requesting an expert to help him with surveillance footage that does not exist." ECF No. 75 at 1. In Defendants' filing opposing Plaintiff's Request for Production of Documents (ECF No. 62), Defendants explain:

> Since this case was filed, the LVMPD Defendants (Sgt. Daniel Holm, Sgt. Mark Binko, Ryan Heise, Charles Cullina and Michael Murphy) have produced **1,552 pages of documents** in addition to several minutes of video footage depicting officers placing Johnson in a restraint chair. For his part, Johnson served them with 17 requests for production of documents. Notwithstanding their objections to the many vague, ambiguous, and overbroad requests, the LVMPD Defendants responded to each request by referencing the Bates numbers of hundreds of documents that were responsive to the requests. On the rare occasion that absolutely no documents existed to satisfy Johnson's request or the request was so inscrutable that they could not appropriately respond, the LVMPD Defendants informed Johnson.

ECF No. 62 at 1-2 (emphasis in the original). Plaintiff did not respond to Defendants' argument and offers nothing to the Court to suggest Defendants' representations regarding the unavailability of any additional video or surveillance are inaccurate.

"The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid prisoners or other litigants." *Cepero v. Las Vegas Metropolitan Police Department*, No. 2:11-cv-01421-JAD-NJK, 2019 WL 2616179, at *1 (D. Nev. June 26, 2019) (internal citations omitted).  Instead, the district court has discretion to appoint an expert under Fed. R. of Evid. 706(a), which states that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations.  The court may appoint any expert that the parties agree on and any of its own choosing."

Given the foregoing, the Court finds there is no basis upon which to conclude a video or surveillance expert is necessary or will even benefit this case.

In the alternative, Plaintiff seeks an extension of the expert disclosure deadline.  ECF No. 74 at 3.  Plaintiff states that the expert disclosure deadline should be extended because time is needed to allow such expert to conduct his/her own investigation.  However, as stated above, there is no basis upon which the Court may reasonably conclude that a video or surveillance expert is appropriately appointed.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion Requesting the Court … Provide/Appoint a Video/Surveillance Expert & Private Investigator; In the Alternative Extend Disclosure of Expert Witness (ECF No. 74) is DENIED.

IT IS FURTHER ORDERED that Defendants' Response to Plaintiff's Declaration (ECF No. 76) is disregarded by the Court as moot.

DATED:  May 27, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE