UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SGT D. HOLMS, *et al*.,<br><br>Defendants. | Case No. 2:18-cv-00647-GMN-EJY<br><br>**ORDER** |

Before the Court are Plaintiff's Motion Requesting an Order from the Court (ECF No. 79) and Motion Requesting Conference with the Counsel of the LVMPD Defendants (ECF No. 83). Also before the Court are Defendants' Motions to Strike Plaintiff's Declarations of Adrian Johnson (ECF Nos. 85-88). The Court has considered each of the Motions, as well as Defendant's Opposition to Plaintiff's Motion Requesting an Order from the Court (ECF No. 90). The Court finds as follows.

**DISCUSSION**

A.  <u>Motion Requesting an Order from the Court</u>.

Plaintiff's Motion Requesting an Order, liberally construed, asks the Court to order Clark County Detention Center ("CCDC") to preserve evidence stored in his property bin (J-40). ECF No. 79 at 1. The duty to preserve evidence is a pre-existing one imposed on parties engaged in litigation so long as the party has "some notice that the documents were potentially relevant to the litigation before they were destroyed." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). The federal courts are empowered to sanction a spoliating party under its inherent authority or Federal Rule of Civil Procedure 37. *Id*. at 958.

Here, CCDC is not a party to this action. However, even assuming that CCDC has some duty to retain evidence by way of its connection to the named Defendants, Plaintiff argues nothing to suggest that the contents of bin J-40 is relevant to the issues before the Court, or that CCDC has

1  taken any action to spoliate such contents. For this reason, the Court denies Plaintiff's Motion
2  Requesting an Order from the Court.

3  B.  Plaintiff's Motion Requesting Conference.

4  Plaintiff's Motion asks the Court to order Defendants' counsel to participate in a conference
5  "to discuss … discovery issues" that Plaintiff alleges is required to enable him to "further litigate.
6  ECF No. 83. Defendants did not respond to this Motion.

7  The Court is empowered to require parties to appear and participate in conferences for
8  various reasons such as a settlement conference or to expedite disposition of a case. Fed. R. Civ. P.
9  16(a); United States District Court for the District of Nevada Local Rule 16-5. Here, however,
10 Plaintiff seeks a conference with opposing counsel, which he is entitled to seek and may do without
11 the intervention of the Court. Plaintiff may mail a letter to opposing counsel or telephone opposing
12 counsel seeking to set a time for such a conference. Otherwise, the Court finds no basis for relief at
13 this time. For this reason, Plaintiff's Motion Requesting Conference is denied.

14 C.  Defendants' Motions to Strike Plaintiff's Declarations.

15 Plaintiff filed four Declarations (ECF Nos. 80, 81, 82, and 84) unrelated to any document or
16 filing presently before the Court. Defendants move to strike each of these declarations as improper,
17 frivolous, and repetitive. ECF Nos. 85-87.

18 While motions to strike are generally disfavored, striking a filing is appropriate if "the matter
19 to be stricken could have no possible bearing on the subject matter of the litigation." *Almy v. Davis*,
20 Case No. 2:12-cv-00129-JCM-VCF, 2014 WL 773813, at *5 (D. Nev. Feb. 25, 2014) (citing
21 *Contreras, ex. Rel. Contreras v. City of Glenn*, 725 F. Supp. 2d 1157 (E.D. Cal. 2010)). Moreover,
22 any document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or
23 a direct order of this Court "is a fugitive document and must be stricken from the record." *Reiger v.*
24 *Nevens*, Case No. 3:12-cv-00218-MMD-VPC, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014).

25 Plaintiff's Declaration at ECF No. 80 attempts to describe housing issues allegedly arising
26 in Module 2C at CCDC. Plaintiff's Declaration at ECF No. 81 describes issues with mailing
27 documents he alleges to have encountered at the detention center. ECF No. 82 is Plaintiff's
28 Declaration asserting that there are several surveillance cameras inside CCDC that should have

captured footage relevant to this case. Finally, ECF No. 84 is Plaintiff's Declaration stating that Dr. Paglini (presumably a health care provider working at CCDC) has full knowledge of Plaintiff's mental state.

As argued by Defendants, Plaintiff's complaints regarding housing and mailing are not appropriately before the Court and, therefore, are fugitive documents that will be struck. Likewise, if Plaintiff believes Dr. Paglini has information relevant to prosecution of his case, Plaintiff could have listed him as a witness, attempted to depose or obtain a declaration from this individual. However, Plaintiff's assertions are not otherwise related to any motion or issue presently before the Court. Finally, with respect to the surveillance cameras and alleged video footage, these issues should (and may) have been addressed through a request for production of documents. If, thereafter, Plaintiff believes that relevant records exist, but were withheld by Defendants, Plaintiff may file a motion to compel, which he has done at ECF No. 89. The issue regarding surveillance footage, if any, will be addressed through a review of Plaintiff's Motion to Compel once Defendants have responded and Plaintiff files a reply brief, if any.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion Requesting an Order from the Court (ECF No. 79) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Conference with the Counsel of LVMPD Defendants (ECF No. 83) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motions to Strike Plaintiff's Declarations (ECF Nos. 85-88) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Declarations at ECF Nos. 80, 81, 82, and 84 are struck from the record of this case.

Dated this 12th day of June, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3