UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON, | Case No. 2:18-cv-00647-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| SGT D. HOLMS, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motion Requesting Consent from LVMPD Defendants for Leave to File an Amended Complaint. ECF No. 92. Also before the Court is Plaintiff's Motion For Leave to File an Amended Complaint. ECF No. 96. The Court has considered Plaintiff's Motions and the LVMPD Defendants' Oppositions thereto (ECF Nos. 102 and 108).

Plaintiff's Motion docketed as ECF No. 92, seeks agreement from the LVMPD Defendants to file an amended complaint. This request was rejected by Defendants in their Opposition. ECF No. 102 at 2. For this reason, ECF No. 92 is denied.

Plaintiff's Motion seeking leave of Court to file an amended complaint (ECF No. 96) is also denied. When considering whether to grant a motion seeking leave to amend a complaint, the Court may consider whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility in the amendment; and, (5) whether plaintiff has previously amended her complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the Court's review of the docket shows this case commenced in April 2018, and that on March 3, 2020 the Court entered an Order stating, in pertinent part, that "no other amendments to Plaintiff's Amended Complaint shall be permitted" after certain defendants were properly identified and served. ECF No. 50. Since that time Plaintiff filed numerous motions, and service on two additional defendants named by Plaintiff was effected. The record also shows that the discovery period has been extended twice with the present close of discovery, on September 18, 2020.

1         Importantly, neither of Plaintiff's Motions seeking to file what would be a second amended complaint attached the proposed amended complaint to the filing. *See* ECF Nos. 92 and 96. This is a violation of United States District Court for the District of Nevada Local Rule ("LR") and, this failure precludes the Court from considering whether Plaintiff's new claims may be futile. *See* LR II 15-1; *United States v 3 Parcels in La Plata County*, 919 F.Supp 1449 (D. Nev. 1995). Moreover, permitting Plaintiff to file a second amended complaint to "include more and different facts" and add new legal claims, as stated on page 1 of ECF Nos. 92 and 96, will necessarily result in a substantial additional delay of this matter. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Plaintiff has had ample time to plead his claims, and has been given prior opportunities to amend. When the Court considers (1) Plaintiff has previously amended his Complaint, (2) that an amendment at this stage of proceedings would necessarily result in delay, and (3) Plaintiff's failure to file a proposed amended complaint for court review, the Court concludes amendment will result in substantial delay, will prejudice Defendants by virtue of requiring, at a minimum, a third extension of discovery, and will lead to substantial inefficiency for the Court. While prejudice alone warrants denial of Plaintiff's motion to amend (*Wilcox v. First Interstate Bank of Or.*, 815 F.2d 522, 529 (9th Cir. 1987)), when all the factors are considered, amendment at this very late stage of proceedings is not justified.

        To the extent Plaintiff seeks a stenographer, a video surveillance expert, other unidentified expert witnesses, and a private investigator, these requests are denied. "The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid prisoners or other indigent litigants." *Cepero v. Las Vegas Metropolitan Police Department*, Case No. 2:11-cv-01421-JAD-NJK, 2019 WL 2616179, at *1 (D. Nev. June 26, 2019) (internal citations omitted). Instead, the district court has discretion to appoint an expert under Fed. R. of Evid. 706(a). Here, Plaintiff supports his request for a surveillance expert by stating that such an expert, along with other unidentified experts, may "testify regarding … knowledge of facts and circumstances surrounding the subject events as well as the allegations" in Plaintiff's Amended Complaint. ECF Nos. 92 at 3 and 96 at 2. However, experts are not percipient witnesses who testify to facts, but are

witnesses presented to aid the trier of fact (whether judge or jury) with understanding an issue for which expert opinion will be useful. Fed. R. Evid. 706

Finally, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). With respect to a private investigator and stenographer, the Court is without legal authority to either to assist Plaintiff in this matter at no cost to the plaintiff. *See, e.g.*, *Wallace v. Bledsoe*, Case No. 1:cv-10-0225, 2010 WL 1565571 (M.D. Pa. Mar. 16, 2010); *Georgacarakos v. Wiley*, Case No. 07-cv-01712-MSK-MEH, 2009 WL 440934, at *7 (D. Colo. Feb. 23, 2009). These requests are therefore denied.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion Requesting Consent from LVMPD Defendants for Leave to File Amended Complaint (ECF No. 92) and Motion for Leave to File an Amended Complaint (ECF No. 96) are DENIED.

Dated this 15th day of July, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE