UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON, | Case No. 2:18-cv-00647-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| SGT D. HOLMS, *et al*., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 118). This is Plaintiff's sixth time filing such motion. Each of Plaintiff's six motions make substantively the same argument. Plaintiff's Motion is denied for the reasons stated below. Plaintiff is further advised that unless there is some substantial change in the facts pertaining to his case, and not to the conditions of his present incarceration, no subsequently filed motion seeking appointment of counsel will be considered by the Court.

As previously explained, on numerous occasions, the U.S. Court of Appeals for the Ninth Circuit finds no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Ninth Circuit further holds that when determining whether counsel should be appointed, the court has discretion to consider three relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.*

Plaintiff argues that he should be appointed counsel because he is incarcerated, in a segregated unit, has limited access to the law library and because he lacks the skills and education to litigate this matter. Plaintiff further states that since his complaint was screened and some of his claims survived, his claims are meritorious, and he is entitled to the assistance of counsel. ECF No. 118 at 7. Plaintiff made the similar argument in his prior motion seeking appointment of counsel. ECF No. 60.

The Court does not dispute, as stated in Plaintiff's current motion, that Plaintiff is indigent, in segregation, may have limited access to the law library, the library itself may have technical difficulties, that he is not a lawyer, and that he *believes* his claims have merit.  However, none of these factors weigh in favor of using the limited resources available to the Court for appointment of pro bono counsel.  The difficulties any *pro se* litigant would have do not establish exceptional circumstances.  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (explaining that prisoner litigants' lack of a legal education does not constitute "exceptional circumstances").  As stated in *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989), "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."  Moreover, Plaintiff's lack of legal knowledge and comprehension do not rise to the level of exceptional circumstances.  *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (explaining that lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations.").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's sixth Motion for Appointment of Counsel (ECF No. 118) is DENIED.

IT IS FURTHER ORDERED that unless there is some substantial change in the facts pertaining to or underlying the present claims brought by Plaintiff that are before the Court, the Court will not entertain or consider any additional motions for appointment of counsel.

Dated this 28th day of August, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2