**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADRIAN JOHNSON, | ) |
| Plaintiff, | ) Case No.: 2:18-cv-00647-GMN-EJY |
| vs. | ) |
| | ) **ORDER** |
| SGT D. HOLMS, *et al.* | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff Adrian Johnson's ("Plaintiff") Motion for Default Judgment, (ECF No. 44). Defendant Michael Murphy ("Murphy") filed a Response, (ECF No. 45), and Plaintiff filed a Reply, (ECF No. 46).

Also pending before the Court is Plaintiff's Motion to Consolidate Cases, (ECF No. 48).

For the reasons discussed below, the Court **DENIES** the Motions.

**A. Motion for Default Judgment**

Plaintiff seeks entry of default against Murphy, alleging that Murphy untimely filed his Answer. (*See* Mot. Default J. 1:15–28, ECF No. 44). Murphy argues that granting default would be improper because he has appeared in this case, and his Answer, (ECF No. 42), was timely filed. (Resp. Mot. Default J. 1:19–2:1, ECF No. 45). The Court agrees.

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). If the clerk grants default against a party who has made an appearance to defend himself in the action, the clerk's entry of default is "void *ab initio.*" *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (citation omitted). Once the clerk of court enters

default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b).

Here, Plaintiff has not first obtained clerk's entry of default as required.  Even if Plaintiff had obtained clerk's entry of default, the default would be void because Murphy has appeared in the action and filed an Answer to the Complaint. (*See* Answer, ECF No. 42).  The Answer is timely because it was filed within twenty-one days from service of the Complaint. (*See id.*) (dated January 23, 2020); (Order, ECF No. 37) (providing Murphy twenty-one days from January 2, 2020 to file a responsive pleading).  Accordingly, the Court **DENIES** Plaintiff's Motion for Default Judgment.

### B. Motion to Consolidate

Plaintiff asks the Court to consolidate this case with *Johnson v. Berndt*, *et al.*, Case No. 2:20-cv-00150-JAD-EJY, arguing that the cases are related. (Mot. Consolidate 1:15–2:14, ECF No. 48).  In the alternative, Plaintiff requests that the Court waive the filing fee in his new case. (*Id.* 2:14).

Under Federal Rule of Civil Procedure 42(a)(2), the Court may, in its discretion, consolidate actions involving common questions of law or fact.  Here, the cases do not involve common questions of fact because the Complaints allege claims relating to different incidents and share none of the same defendants. (*Compare* Am. Compl., ECF No. 9); (*with* Compl., 2:20-cv-00150-JAD-EJY, Ex. 1 to Mot. Leave Proceed *in forma pauperis*, ECF No. 1-1).  The cases may involve similar questions of law because Plaintiff asserts claims arising under the same constitutional amendments. (*See id.*).  However, the Court declines to exercise its discretion to consolidate the cases because the Court finds that consolidation would not aid in the efficient and economical resolution of the disputes.  The Court also does not find cause to waive the filing fee, as Plaintiff has a pending Application for Leave to Proceed *in forma pauperis* in the other case. (*See* IFP Application, 2:20-cv-00150-JAD-EJY, ECF No. 7).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment, (ECF No. 44), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Consolidate Cases, (ECF No. 48), is **DENIED**.

Dated this  30  day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court