UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT D. HOLMS, et al.,<br><br>　　　　Defendants. | Case No. 2:18-cv-00647-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion Requesting Leave to Exceed Page Limits for Plaintiff's Opposition to LVMPD's Motion for Summary Judgment (ECF No. 142) and Plaintiff's Motion for Extension of Discovery Deadlines.[1]  ECF No. 144.

The Court looks with disfavor on motions to exceed page limits; so, permission to do so is not routinely granted.  Local Rule ("LR") 7-3(c).  Rather, a motion to file a brief that exceeds page limits will be granted only upon a showing of good cause.  *Id*.  And, a party must secure the Court's permission before filing a brief that exceeds this District's page limits.  *Santos v. Baca*, Case No. 2:11-CV-01251-KJD-NJK, 2017 WL 773874, at \*2 (D. Nev. Feb. 28, 2017).  The Court may strike supplemental filings made without leave of court.  LR 7-2(g).  Here, Plaintiff seeks leave to file an opposition to Defendants' Motion for Summary Judgment that exceeds the 30-page limit set by LR 7-3.  ECF No. 142.  In support of his request, Plaintiff claims presenting "certain credible arguments would possibly exceed the normal page limits."  *Id*. at 2.  The Court finds this generalized assertion insufficient to demonstrate good cause.  Before the Court had an opportunity to rule on his request, Plaintiff filed a 59-page "Motion to Dismiss LVMPD Defendant[']s Motion for Summary Judgment," which the Court believes is the opposition to which he refers.  ECF No. 143.  The Court strikes this unauthorized filing from the docket and directs Plaintiff to refile his Motion to Dismiss LVMPD's Motion for Summary Judgment without exceeding the 30 page, page limit.

---

[1] The Court has made typographical changes to the titles of Plaintiff's Motions for the sake of clarity.

1

A motion to extend any date set by the discovery plan or scheduling order must be supported by a showing of good cause for the extension. LR 26-3. A request made after the expiration of the subject deadline will not be granted unless the moving party also demonstrates that the failure to act was the result of excusable neglect. Plaintiff seeks an extension of discovery deadlines, alleging Defendants have been uncooperative in discovery. ECF No. 144. Notwithstanding, the Court has extended discovery twice in this matter. ECF Nos. 57, 105. It should also be noted that Defendants were the ones who sought to extend discovery deadlines (ECF Nos. 49, 94), stating on one occasion that an extension of the discovery deadlines may benefit Plaintiff as well. ECF No. 103 at 1. Plaintiff concedes that his request to extend discovery is untimely. ECF No. 144 at 5. Considering the above, Plaintiff does not demonstrate that his failure to seek an extension of discovery deadlines was the result of excusable neglect and, therefore, the Court denies his request.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion Requesting to Exceed Page Limits for Plaintiff's Opposition to LVMPD's Motion for Summary Judgment (ECF No. 142) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss LVMPD Defendant[']s Motion for Summary Judgment (ECF No. 143) is struck from the record.

IT IS FURTHER ORDERED that Plaintiff shall refile his Motion to Dismiss LVMPD's Motion for Summary Judgment, but such filing shall not exceed 30 pages. Because Plaintiff is incarcerated, **Plaintiff is granted through and including December 11, 2020 to refile his Motion**.

IT IS FURTHER ORDERED that Defendants shall have 30 days from the date Plaintiff refiles his Motion (which functions as an Opposition to Defendants' Motion for Summary Judgment) to file a reply.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Discovery Deadlines (ECF No. 144) is DENIED.

DATED this 13th day of November, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE