UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT D. HOLMS, *et al*.,<br><br>　　　　Defendants. | Case No. 2:18-cv-00647-GMN-EJY<br><br>**ORDER** |

Before the Court is Defendants Sgt. Daniel Holm, Sgt. Mark Binko, Ryan Heise, Charles Cullina, Michael Murphy, Oscar Cardenas, and Mark Pineda's (the "LVMPD Defendants" or "Defendants") Motion to Extend Time to File Joint Pretrial Order. ECF No. 222. The Court considered the Motion and Plaintiff's response (ECF No. 223).

Defendants request an extension to July 29, 2024 to file a Joint Pretrial Order. ECF No. 222 at 5. Defendants state the parties participated in settlement conference three days before the deadline to submit the Joint Pretrial Order during which they believed the matter might be resolved. *Id*. at 4.[1] Unfortunately, no resolution was reached. *Id*. On May 1, 2024, Defendants mailed a letter to Plaintiff with a proposed stipulation to extend the Joint Pretrial Order deadline; however, Plaintiff responded suggesting another settlement conference and with an offer of settlement leaving the issue of the Joint Pretrial Order deadline unresolved. *Id.* at 3. Defendants acknowledge their request is made past the Joint Pretrial Order deadline, but argue the circumstances they describe constitute "excusable neglect" and "good cause" to grant the request under LR IA 6-1 and 26-3. *Id.* at 4.

Plaintiff responds by arguing Defendants' request is untimely, and Defendants' counsel is experienced enough to know the deadline requirements and adhere to them. ECF No. 223 at 1-2. Plaintiff contends "good cause" to extend the Joint Pretrial Order deadline is not met because Defendants have had ample time to prepare the Order. *Id.* at 4-5. Plaintiff says the fact that a

---

[1] Though the settlement conference was three calendar days before the deadline, because the settlement conference was on Friday, April 26, 2024, and the deadline was the following Monday, April 29, 2024, they were in fact only one business day apart.

1

settlement conference occurred right before the Joint Pretrial Order deadline does not excuse the Defendants' failure to adhere to local rules. *Id.* at 6. Plaintiff claims he is prejudiced by Defendants' unnecessary delay and Defendants fail to show excusable neglect. *Id*. at 7-8.

In seeking the extension of an expired Joint Pretrial Order deadline, "a movant must make a showing of good cause and demonstrate that the failure to act before the deadline expired was the result of excusable neglect." *Buononato v. Sam's W., Inc*., Case No. 2:19-CV-01221-RFB-NJK, 2020 WL 10147129, at *1 (D. Nev. Nov. 18, 2020), *quoting* Local Rules of Practice for the United States District Court for the District of Nevada ("LR") 26-3 (internal quotation marks removed). "The Court has broad discretion in supervising pretrial litigation." *Tanya Victor v. Walmart, Inc*., Case No. 2:20-CV-01591-JCM-NJK, 2021 WL 3745190, at *2 (D. Nev. Apr. 8, 2021), *citing Zivkovic v. S. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002).

In considering whether there is good cause, "[t]he key determination is whether the subject deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Desio v. State Farm Mut. Auto. Ins. Co*., 339 F.R.D. 632, 638 (D. Nev. 2021), *citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted). Here, the Joint Pretrial Order deadline was set the Monday after a Friday settlement conference. ECF No. 222 at 3-4. Defendants hoped the matter would settle obviating the need for a Joint Pretrial Order. *Id.* at 3. After the parties did not settle, Defendants had no time to seek an extension for the Joint Pretrial Order deadline before it expired. Defendants mailed correspondence to Plaintiff the following week proposing and providing a stipulation to extend the Joint Pretrial Order deadline (ECF No. 222 at 3). The Court finds Defendants demonstrated diligence, which in turn establishes "good cause" to extend the Joint Pretrial Order deadline.

"Excusable neglect is a flexible, equitable concept, but inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Burton v. Fonseca*, Case No. 3:20-CV-00190-ART-CLB, 2023 WL 2717326, at *2 (D. Nev. Mar. 30, 2023), *quoting Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (internal quotation marks omitted). "In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the

proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Burton,* 2023 WL 2717326 at *3. There is no prejudice that arises from the short extension requested by Defendants. A trial date will not be impacted by the one month delay. Defendants' reason for the delay in requesting an extension is not "inadvertence, ignorance of the rules, or mistakes construing the rules," but rather that Defendants were waiting for Plaintiff's response to their proposed stipulation. Lastly, there is no indication here that Defendants acted in bad faith.

For the reasons set forth above, the Court exercises its significant discretion in supervising pretrial litigation and finds that there is adequate basis to extend the Joint Pretrial Order deadline in accordance with Defendants' request.[2]

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Extend Time to File Joint Pretrial Order (ECF No. 222) is GRANTED.

IT IS FURTHER ORDERED that the deadline to file the Joint Pretrial Order is extended to **July 29, 2024**.

Dated this 23rd day of May, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court grants Defendants' request, the Court does not consider Plaintiff's request for sanctions.

3