UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT D. HOLMS, *et al*.,<br><br>    Defendants. | Case No. 2:18-cv-00647-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for a Status Conference. ECF No. 237. The Motion is denied; however, Plaintiff is placed on notice that failure to promptly and reasonably cooperate with Defendants' counsel in preparation and submission of the proposed joint pretrial order ("JPTO") **may** result in substantial prejudice to Plaintiff as he **must** provide the information required by the Rules of Civil Procedure in the JPTO or risk being barred from submitting evidence and offering witnesses on his behalf at trial. A copy of Local Rule 16-3 is attached to this Order. Plaintiff is advised to review subsection (b) describing what he **must** include in the JPTO. Plaintiff is also advised to review the letter sent to him by defense counsel on June 3, 2024 providing instructions regarding how to complete his portion of the JPTO. Finally, Plaintiff is advised to review subsection (c) of this Rule, which states: "Unless offered for impeachment purposes, no exhibit will be received and no witnesses will be permitted to testify at the trial unless listed in the pretrial order. However, for good cause shown, the court may allow an exception to this provision."

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Status Conference (ECF No. 237) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff **must** promptly and reasonably cooperate with Defendants' counsel by completing his portion of the proposed joint pretrial order. Plaintiff **must** also reasonably cooperate with extension requests made by Defendants.

IT IS FURTHER ORDERED that if Plaintiff fails to cooperate and complete his portion of the proposed joint pretrial order on or before **September 16, 2024**, Defendants may file their proposed joint pretrial order explaining Plaintiff's failure to cooperate.

IT IS FURTHER ORDERED that Defendants' Renewed Motion to Extend Time to File Joint Pretrial Order (ECF No. 236) is DENIED without prejudice. Should Defendants seek a further extension, they need not attach 75 pages of exhibits to demonstrate their good faith efforts to obtain Plaintiff's cooperation. A declaration explaining their efforts, attached to a short motion, will suffice for this Court.

Dated this 30th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**LR 16-3. MOTIONS IN LIMINE, PRETRIAL ORDER, AND TRIAL SETTING**

(a) Motions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action. Motions in limine must identify the particular evidence or argument to be excluded and state the constitutional, statutory, or regulatory reasons why the evidence is inadmissible or the argument is inappropriate. Unless the court orders otherwise, motions in limine must be filed 30 days before trial. Responses must be filed and served no later than 14 days after service of the motion. Replies will be allowed only with leave of the court.

(b) Upon the initiative of a pro se plaintiff or plaintiff's attorney, the attorneys or parties who will try the case and who are authorized to make binding stipulations must personally discuss settlement and prepare and file a proposed joint pretrial order containing the following:

 (1) A concise statement of the nature of the action and the parties' contentions;

 (2) A statement of the basis for this court's jurisdiction with specific legal citations;

 (3) A statement of all uncontested facts deemed material in the action;

 (4) A statement of the contested issues of fact in the case as agreed upon by the parties;

 (5) A statement of the contested issues of law in the case as agreed upon by the parties;

 (6) Plaintiff's statement of any other issues of fact or law deemed to be material;

 (7) Defendant's statement of any other issues of fact or law deemed to be material;

 (8) Lists or schedules of all exhibits that will be offered in evidence by the parties at the trial. The lists or schedules must describe the exhibits sufficiently for ready identification and:

  (A) Identify the exhibits the parties agree can be admitted at trial; and

  (B) List those exhibits to which objection is made and state the grounds for the objection. Stipulations on admissibility, authenticity, and/or identification of documents should be made whenever possible;

 (9) A statement by each party of whether they intend to present evidence in electronic format to jurors for purposes of jury deliberations. Parties should consult the court's website or contact the assigned judge's courtroom administrator for instructions on how to prepare evidence in electronic format and other requirements;

 (10) A statement by each party identifying any depositions intended to be offered at the trial, except for impeachment purposes, and designating the portions of the deposition to be offered;

 (11) A statement of the objections, and the grounds for them, to deposition testimony the opposing party has designated;

  (12) A list of witnesses, with their addresses, who may be called at the trial. The list may not include witnesses whose identities were not, but should have been, revealed in response to permitted discovery unless the court, for good cause and on such conditions as are just, orders otherwise; and

  (13) A list of motions in limine filed, if any.

(c) Unless offered for impeachment purposes, no exhibit will be received and no witnesses will be permitted to testify at the trial unless listed in the pretrial order. However, for good cause shown, the court may allow an exception to this provision.