UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ADRIAN JOHNSON,

                Plaintiff,

  vs.

SGT D. HOLM, *et al.*,

                Defendants.

Case No.: 2:18-cv-00647-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff Adrian Johnson's Motion for Reconsideration, (ECF No. 211). Defendants Sergeant Daniel Holm, Sargeant Mark Binko, Ryan Heise, Charles Cullina, and Michael Murphy filed a Response, (ECF No. 218), to which Plaintiff filed a Reply, (ECF No. 221). Also pending before the Court is Plaintiff's "Motion in Support of Plaintiff's Motion for Reconsideration of District Court's Order for Summary Judgment," (ECF No. 224). Defendants filed a Response, (ECF No. 226).[1] In both Motions, Plaintiff seeks reconsideration of the Court's Order, (ECF No. 209), which granted, in part, and denied, in part, Defendants' Motion for Summary Judgment, (ECF No. 169).

Also pending before the Court is Plaintiff's Request for Certification of District Court's Order, (ECF No. 210), as well as Plaintiff's Objection to Magistrate Judge Order, (ECF No. 235). Defendants did not file responses to these motions, and the deadline to do so has passed.

Also before the Court is the Motion for Order to Show Cause, (ECF No. 241), filed by Defendants Holm, Binko, and Hiese. Defendants request that the Court issue an order to show cause as to why Plaintiff has not cooperated in completing the Joint Pretrial Order, ("JPTO").

---

[1] It appears that this motion is a supplement to Plaintiff's Motion for Reconsideration. Per Local Rule 7-2, a party may not file supplemental pleadings without permission from the Court. Though the Court could strike the Motion per Local Rule 7-2, the Court liberally construes the Motion as a separate Motion for Reconsideration and therefore considers the merits below. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1  (*See generally* Mot. for Order to Show Cause ("OSC")).  Plaintiff did not file a response, and
2  the deadline to do so has passed.
3     For the reasons explained below, the Court **DENIES** Plaintiff's motions.  The Court
4  further **DENIES** Defendants' Motion for Order to Show Cause.  The Court also refers this case
5  to the Pro Bono Program.
6  **I.   BACKGROUND**
7     This case concerns Defendants' alleged constitutional violations while Plaintiff was a
8  pretrial detainee at the Clark County Detention Center ("CCDC"). (*See* Am. Compl., ECF No.
9  9).  The Court previously granted summary judgment for Defendants on all of Plaintiff's
10 claims. (Order Granting Mot. for Summ. J. ("First MSJ Order"), ECF No. 161).  Plaintiff
11 appealed the First MSJ Order, and the Ninth Circuit affirmed in part, reversed in part, and
12 remanded. (Mem. Dec.).  On remand, this Court granted, in part, and denied, in part,
13 Defendants' Motion for Summary Judgment. (Order on Mot. for Summ. J. ("Second MSJ
14 Order"), ECF No. 209).  Specifically, the Court granted summary judgment for Defendants on
15 the excessive force claim and supervisory liability claim.  The Court also granted summary
16 judgment for Officer Cullina only on the retaliation claim but denied summary judgment on the
17 retaliation claim for all other Defendants. (*Id.*).
18     Following the entry of the Second MSJ Order, Plaintiff filed a Motion for Certification
19 of that Order and a Motion for Reconsideration of the Order. (Mot. for Certification, ECF No.
20 210); (Mot. Reconsideration, ECF No. 211).  Shortly thereafter, Plaintiff appealed the Second
21 MSJ Order. (*See* Notice of Appeal, ECF No. 214).  The Ninth Circuit dismissed the appeal for
22 lack of jurisdiction because the Second MSJ Order is not final and therefore not appealable.
23 (Order of USCA Dismissing Appeal, ECF No. 220).
24     In the Second MSJ Order, the Court imposed a deadline of 30 days from the date of the
25 Order for the parties to file a joint proposed pretrial order ("JPTO"). (Second MSJ Order

13:15–17). Defendants filed two Motions to Extend Time to file the Joint Pretrial Order (ECF Nos. 222, 236). In their second Motion to Extend Time, Defendants explained that the parties were unable to meet their deadline because Plaintiff was refusing to cooperate with the completion of the JPTO. (Mot. to Extend Time 2:8–13). Magistrate Judge Elayna J. Youchah denied the Motion and instructed Defendants to file their proposed pretrial order without Plaintiff's contributions. (Order, ECF No. 238). Defendants subsequently filed their proposed pretrial order without Plaintiff's signature, which the Court struck for failing to conform to the Local Rules. (Minute Order, ECF No. 240). The Court set another deadline for the parties to file a JPTO, but in lieu of a JPTO, Defendants filed the instant Motion for Order to Show Cause. (ECF No. 241).

## II. LEGAL STANDARD

### a. Reconsideration

Federal Rule of Civil Procedure 60(b) permits a court to set aside its order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud;
(4) the judgment is void;
(5) the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. The Ninth Circuit has limited the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A movant may not "in any manner repeat any oral or written argument made

in support of or in opposition to the original motion." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995). Nor may "[a] motion for reconsideration. . . be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted). Accordingly, a court may disregard "repeated legal arguments" and "facts that were available earlier in the proceedings." *Zimmerman,* at 255 F.3d at 740.

  b. Certification

In general, the Court of Appeals reviews only final orders and decisions of a district court. *See* 28 U.S.C. § 1295(a)(1). Rule 54(b) provides an exception, allowing district courts to certify a partial final judgment for the purpose of appeal by directing entry of final judgment as to one or more, but fewer than all, of the claims if the there is an express determination that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b). "Without a Rule 54(b) certification, orders granting partial summary judgment are non-final." *Chacon v. Babcock*, 640 F.2d 211, 222 (9th Cir. 1981).

The Supreme Court has established a two-step process for district courts to determine whether certification of a claim in a multiple claims action under Rule 54(b) is warranted. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). First, the judgment must be final with respect to one or more claims. *See id.* A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. U.S.*, 324 U.S. 229, 233 (1945).

Second, district courts conduct a two-step analysis "to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In the first step, courts consider administrative factors such as "the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir.

2006) (citation omitted).  In the second step, courts assess the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8.  Under the equitable analysis, courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989).

"Rule 54(b) certification is proper if it will aid expeditious decision of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (internal quotation marks omitted). "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 797–98 (internal quotation marks omitted). Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood v. GCC Bend*, 422 F.3d 873, 879 (9th Cir. 2005).  The Ninth Circuit has advised that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Id.* at 882.  It has also repeatedly admonished that "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004); *see also Frank Briscoe Co., Inc. v. Morrison-Knudson Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.") (internal quotation marks omitted).

### III. DISCUSSION

#### a. Reconsideration

In his first Motion for Reconsideration, Plaintiff argues that reconsideration of the Second MSJ Order is warranted because the Court's analysis was incorrect. (*See generally* First Mot. Reconsideration, ECF No. 211).  Plaintiff generally asserts that the Court erred in concluding that Defendants were entitled to qualified immunity for the claim of excessive force. (*Id.*)

Plaintiff does not provide an intervening change in controlling law or newly discovered evidence unavailable to him when the original response was filed.[2]  He instead repeats several of the arguments he made in his original response.  Plaintiff reiterates his argument that there is a genuine issue of material fact as to whether excessive force was used and provides the same reasoning that he gave in his response. (First Mot. Reconsideration 12:11–14; 14:9–15:6); (Resp. to Mot. Summ. J. 22:26–23:14, ECF No. 179).  He also reasserts that Defendants are not entitled to qualified immunity on the excessive force claims, but once again cites to no case law establishing that Defendants violated a clearly established right. (Mot. Reconsideration 15:8–18:13); (Resp. to Mot. Summ. J. 27:12–28:19).  Lastly, Plaintiff repeats his argument that Defendants intentionally withheld discovery. (Mot. Reconsideration 18:27–19:17); (Resp. to Mot. Summ. J., 30:7–28).  Because the Court already considered those arguments when deciding the Motion for Summary Judgment, it disregards Plaintiff's repeated arguments. *See Zimmerman*, 255 F.3d at 740.

Plaintiff's sole new argument is that the Court erred in relying only on the handheld surveillance video, rather than his Complaint or declarations.  In doing so, Plaintiff argues, the Court "improperly weighed conflicting evidence with respect to disputed material facts." (First Mot. Reconsideration 12:16–18).  The Court explained why it relied on the sequence of events captured on video, rather than Plaintiff's verified Complaint, in its granting of summary judgment on the excessive force claims. (Second MSJ Order 9:23–10:11).  Plaintiff makes no

---

[2] Plaintiff attaches two declarations to his Motion for Reconsideration that appear to be new.  Both declarations are from inmates who were incarcerated at CCDC at the time of the incident at issue in this case. (Scaglione Decl. ¶ 4, Ex. 1 to Mot. for Reconsideration); (Johnson Decl. ¶ 4, Ex. 2 to Mot. for Reconsideration).  Because these declarations were made in May and June of 2023, before Plaintiff filed his Response to the Motion for Summary Judgment in July of 2023, these declarations are not newly discovered evidence. (Scaglione Decl. ¶ 37, Ex. 1 to Mot. for Reconsideration); (Johnson Decl. ¶ 25, Ex. 2 to Mot for Reconsideration); (Resp. to Mot. Summ. J.).  A motion for reconsideration cannot be used to present evidence for the first time when it could have been raised earlier in the litigation. *Marlyn Nutraceuticals*, 571 F.3d at 880.  The Court therefore disregards these declarations. *See id.*; *see also Zimmerman*, 255 F.3d at 740.

argument as to why the Court's reasoning was not correct and cites to no case law that conflicts with the Court's reliance on the video evidence. (First Mot. Reconsideration 12:16–13:1). Thus, Plaintiff has not established clear error justifying reconsideration in his First Motion for Reconsideration.[3]

In his Second Motion for Reconsideration, Plaintiff seeks reconsideration on the grounds of allegedly newly discovered evidence in the form of a declaration from one of his cellmates at CCDC. (*See generally* Second Mot. Reconsideration, ECF No. 224). "In the Ninth Circuit, the party seeking reconsideration based on newly-discovered evidence must show the evidence: (1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *U.S. v. Westlands Water Dist.*, 34 F.Supp.2d 1111, 1131 n.45 (E.D. Cal. 2001) (citing *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 210 (9th Cir. 1987)). Plaintiff argues that he was unable to obtain this evidence through diligence because Mr. Hobbs was released or transferred in December of 2017 and Plaintiff lost all contact with him until the time of Mr. Hobbs' declaration. (Second Mot. Reconsideration 3:25–4:5); (Hobbs Decl., Ex. 1 to Second Mot. Reconsideration ¶ 6). But even assuming that Plaintiff was unable to obtain this evidence prior to his response to the Motion for Summary Judgment in July of 2023, the declaration is not "of such a material and controlling nature that it demands a probable change in the outcome." *See Westlands*, 34 F.Supp.2d at 1131 n.45. Hobbs' declaration does not contain any statements that are relevant to the claims for which Plaintiff seeks reconsideration. (*See generally* Hobbs Decl., Ex. 1 to Second Mot. Reconsideration). Plaintiff asks the Court to reconsider its granting of summary judgment on the excessive force claim, supervisory liability

---

[3] Though Plaintiff's First Motion for Reconsideration begins with a statement of issues and summary of argument that include the supervisory liability claim and retaliation claim against Officer Cullina, Plaintiff does not proceed to make substantive arguments for reconsideration of those claims. (First Mot. Reconsideration 2:6–14; 8:11–22). To the extent Plaintiff presents an argument for reconsideration of those claims, he repeats the arguments he made in his response. (Resp. to Mot. Summ. J. 28:21–30:5); (First Mot. Reconsideration 8:11–22).

claim, and retaliation claim against Cullina, but the statements in Hobbs' declaration only relate to Plaintiff's grievances. (*Id.*). Hobbs' statements most directly pertain to the retaliation claim against the remaining Defendants, and do not provide any material information that would "demand[] a probable change in the outcome" of the Court's granting of summary judgment of the other claims. *See Westlands*, 34 F.Supp.2d at 1131 n.45.

Because Plaintiff did not present newly discovered evidence material to the outcome of the Second MSJ Order and did articulate specific explanations of how the Court committed clear error, Plaintiff has not established that the Order should be reconsidered pursuant to Rule 60(b). The Court therefore DENIES Plaintiffs Motions for Reconsideration.

### b. Certification

Plaintiff seeks entry of final judgment under Rule 54(b) as to the Court's granting of partial summary judgment. (Mot. Certification, ECF No. 210). Plaintiff makes no argument in support of this request beyond providing the text of Rule 54(b). (*See id.*). Defendant did not respond. As to the first prong of Rule 54(b), the Second MSJ Order adjudicated the excessive force claim, supervisory liability claim, and retaliation claim against Officer Cullina in a manner that resulted in the "ultimate disposition" of those claims. *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears*, 351 U.S. at 436); (*See generally* Second MSJ Order). Thus, the key question here is whether there is any just reason for delay, considering both "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Given that granting certifications under Rule 54(b) is the disfavored exception rather than the rule, Rule 54(b) certification in this case is not justified by either judicial administrative interests or the equities present here.

The inquiry into judicial administration interests "does not require the issues raised on appeal to be completely distinct from the rest of the action, 'so long as resolving the claims would streamline the ensuing litigation.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th

1  Cir. 2015) (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)).  Although neither the
2  Supreme Court nor Ninth Circuit has laid out a precise test for determining whether judicial
3  administrative interests weigh in favor of entry of partial judgment under 54(b), in *Curtiss-*
4  *Wright*, "[t]he court considered whether certification would result in unnecessary appellate
5  review; whether the claims finally adjudicated were separate, distinct, and independent of any
6  other claims; whether review of the adjudicated claims would be mooted by any future
7  developments in the case; whether an appellate court would have to decide the same issues
8  more than once even if there were subsequent appeals; and whether delay in payment of the
9  judgment (which in that case could be years because of the complexity of the remaining claims)
10 would inflict severe financial harm." *Wood*, 422 F.3d at 878 n.2.  Similarity of legal or factual
11 issues weighs heavily against entry of partial judgment under 54(b), *Wood*, 422 F.3d at 879–80,
12 but "[c]laims with partially overlapping facts are not foreclosed from being separate for
13 purposes of Rule 54(b)." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir.
14 2018), *cert. denied sub nom. Teck Metals Ltd. v. Confederated Tribes of the Colville*
15 *Reservation*, 139 S. Ct. 2693 (2019) (internal quotation marks omitted).

16       The judicial administrative interests here do not weigh in favor of entering final
17 judgment.  Substantial overlap remains between the adjudicated claims and those that remain
18 because both sets of claims arise from the same series of events. (*See* Second MSJ Order 1:16–
19 3:4).  And while claims with overlapping legal or factual issues may still be appropriate when
20 they present threshold legal issues that will "streamline further litigation," that is not the case
21 here. *See Continental Airlines*, 819 F.3d 1519, 1524–25 (9th Cir. 1987) (upholding district
22 court's entry of final judgment on claims that shared common facts with remaining claims
23 because the threshold legal questions would streamline further litigation).  The judicial
24 administrative interests therefore weigh against entry of final judgment.

25       Even if judicial administrative interests did weigh in favor of entry of final judgment,

Plaintiff makes no argument that this is an "unusual case" where a Rule 54(b) judgment is justified. *See Frank Briscoe Co., Inc.*, 776 F.2d at 1416 (citation omitted). The Ninth Circuit disfavors Rule 54(b) judgments, and Plaintiff fails to demonstrate that there is a "seriously important reason" to enter final judgment, or why the relief is "necessary to avoid a harsh and unjust result." *Wood v. GCC Bend*, 422 F.3d at 879; *Morrison-Knudsen Company, Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Seeing no evidence to support a finding that the equities favor entry of final judgment, the Court finds that Plaintiff has not established that there is no just reason for delay. The Court therefore DENIES Plaintiff's Request for Certification of the District Court's Order.

### c. Review of Magistrate Judge Order

In his Motion for Transcripts, Plaintiff sought printed case documents in order to represent himself at trial. Because the Court is referring this case to the Pro Bono Program and Plaintiff's pro bono counsel will have access to all case filings, Plaintiff's Objection to the Magistrate Judge's Order is no longer relevant. The Court therefore DENIES the Objection/Appeal to the Magistrate Judge's Order as moot.

### d. Order to Show Cause

In their Motion for Order to Show Cause, Defendants request that the Court issue an order to show cause as to why Plaintiff has not cooperated in completing the Joint Pretrial Order, ("JPTO"). (*See generally* Mot. for Order to Show Cause ("OSC")). Plaintiff explained in his most recent letter to Defendants that he did not receive Defendants' final proposed JPTO until October 1, 2024, due to problems he experienced receiving mail while in prison. (Oct. 1 Letter, Ex. N to OSC, ECF No. 241-X). He was therefore unable to return a signed copy before the October 3 deadline, the date that Defendants requested he return it by. (*Id.*). The Court denies Defendants' Motion for Order to Show Cause because Plaintiff did not receive Defendants' proposed JPTO with enough time to review and return it before the deadline.

1  Additionally, because the Court is referring this case to the Pro Bono Program, Plaintiff's
2  counsel will be able to work with Defendants to file a completed JPTO once appointed.

### e. Referral to Pro Bono Program

The Court refers this case to the Pro Bono Program adopted in the Third Amended General Order 2019-07 for the purposes of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment will be for all purposes through the conclusion of trial. By referring this case to the Pro Bono Program, the Court is not expressing an opinion as to the merits of the case.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 211), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Support of Plaintiff's Motion for Reconsideration, (ECF No. 224) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Certification of District Court's Order, (ECF No. 210), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection/Appeal to the Magistrate Judge's Order, (ECF No. 235), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Order to Show Cause, (ECF No. 241), is **DENIED**.

**IT IS FURTHER ORDERED** that this case be referred to the Pro Bono Program for appointment of counsel for the purposes identified herein, unless Plaintiff notifies the Court that he does not desire appointment of counsel.[4]

**IT IS FURTHER ORDERED** that Plaintiff shall have until Friday, December 20, 2024

---

[4] Plaintiff has filed twelve motions for appointment of counsel including ECF No. 215 on April 18, 2024.

to notify the Court if he does not desire appointment of counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward this Order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that the parties must file a proposed JPTO in compliance with Local Rule 16-3 within 30 days of appointment of counsel.

Dated this __4__ day of December, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court